United States District Court
Southern District of Texas

**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **FERNANDO ENMANUEL AVILES-ROMERO,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 5:26-CV-01154** |
| **US IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,** | § § § § | |
| **Respondents.** | § § | |

## ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Fernando Enmanuel Aviles-Romero ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner is a native and citizen of El Salvador who was previously living in the United States as a Lawful Permanent Resident ("LPR"). (Dk. 1 at 2–3, 6; Dkt. 8 at 1–2.) On March 19, 2026, Petitioner was served with a Notice to Appear ("NTA"), charging him with a violation of Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i), for being admitted to the United States but removable for being convicted of possession of fentanyl on June 17, 2025. (*See* Dk. 1 at 2–3, 6; Dkt. 8 at 1–2, Attach. 1 at 1–3.) On May 28, 2026, the Immigration Judge ("IJ") terminated Petitioner's LPR status, denied his applications for relief, and ordered him removed to El Salvador. (*See* Dkt. 8 at 1–2, Attach. 1 at 10–17.) Petitioner reserved appeal but did not file an appeal to the Board of Immigration Appeals ("BIA") before the time for him to file an appeal expired. (*See id.* at 2, Attach. 1 at 17–22.)

Petitioner filed his petition for Writ of Habeas Corpus on June 29, 2026. (Dkt. 1.) Petitioner alleges that his ongoing detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 7.) Upon receipt of the petition, the Court ordered Respondents to file a response on or before July 6, 2026. (Dkt. 5.) Respondents filed a timely Motion for Summary Judgment, (Dkt. 8), arguing that Petitioner's detention is governed by 8 U.S.C. § 1231(a)(2) because his order of removal has become administratively final. (*Id.* at 3–5); *see* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1.

Respondents correctly assert that Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) because he has an administratively final order of removal. Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has ninety days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 689 (2001); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385 (2005); 8 U.S.C § 1231(a)(3). In *Zadvydas,* the Supreme Court emphasized that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas,* 533 U.S. at 699 (citations omitted). Regarding the reasonableness of continued post-removal-order detention, the Supreme Court also determined that there is a presumptively

2 / 3

reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.

As of the date of his order, Petitioner has been detained for less than 90 days since his order of removal became final, and thus, any claim for release under *Zadvydas* is premature. (*See* Dkt.8, Attach. 1 at 12–17); 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Motion for Summary Judgment, (Dkt. 8), is **GRANTED** in part. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention is unlawful under *Zadvydas*. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Fernando Enmanuel Aviles-Romero**
**A# 205-842-535**
**Webb County Detention Center**
**9998 US-83**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this July 15, 2026.

Diana Saldaña
United States District Judge